United States Courts
Southern District of Texas
FILED

JUN - 8 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROWORKS S.A. | § | |
| | § | |
| v. | § | C. A. NO. _____ |
| | § | |
| JAMES C. ROLLINGS | § | H-07 -1919 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, James C. Rollings ("Defendant"), for his Notice of Removal of the above described action to the United States District Court for the Southern District of Texas, Houston Division, from the 269th Judicial District Court, Harris County, Texas, where the action is now pending, pursuant to 28 U.S.C. § 1446, respectfully states as follows:

### A.
### INTRODUCTION

1.     Plaintiff, Petroworks S.A. ("Plaintiff"), filed Cause No. 2007-33150 in the 269th District Court of Harris County, Texas, against Defendant over a dispute relating to the refurbishment of a drilling rig.

2.     Defendant received notice of the state court suit on or about June 8, 2007. Defendant is filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based in compliance with 28 U.S.C. § 1446(b).

### B.
### BASIS FOR REMOVAL

3.     Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).  Specifically, Plaintiff is a foreign corporation organized under the

1

laws of the country of Columbia and Defendant is an individual citizen of Texas and the amount in controversy is claimed to be "in excess of $1,000,000." *See* Plaintiff's Original Petition, a true and correct copy of which is attached hereto as Exhibit A, at paragraphs B and E (pages 1 and 8).

## C.
## REQUIRED ATTACHMENTS INCLUDED

4.      In compliance with 28 U.S.C. § 1446(a) and L.R. 81, Defendant is attaching to this Notice of Removal:

      a.   All executed process in the case (Exhibit B);

      b.   Pleadings asserting causes of action (Exhibit A);

      c.   All orders signed by the state judge (Exhibit C);

      d.   The docket sheet (Exhibit D);

      e.   An index of matters being filed (Exhibit E); and

      f.   A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F).

## D.
## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because a substantial part of the events giving rise to this cause of action occurred in this district in the State of Texas.

## E.
## NOTICE

6.      Defendant will give written notice of this filing as required by 28 U.S.C. §1446(d), and will promptly file a copy of this notice of removal with the clerk of the 269th District Court, Harris County, Texas.

7.    Plaintiff demanded a jury in the state court action.

**F.**
**<u>CONCLUSION</u>**

Defendant therefore respectfully requests that this action proceed in this

Honorable Court as an action properly removed under 28 U.S.C. § 1446(a).

Respectfully submitted,

**FOWLER RODRIGUEZ**

Justin W. R. Renshaw
S.D.TX. Adm. ID No. 25865
Texas Bar No. 24013392
1331 Lamar, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

*Attorneys for Defendant,*
*James C. Rollings*

OF COUNSEL:

FOWLER RODRIGUEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal was served on all counsel of record on this 8th day of June, 2007.

*VIA HAND DELIVERY*
Thomas R. Bray
1431 Wirt Road, Suite 140
Houston, Texas 77055

Justin W. R. Renshaw

CAUSE NO. **2007-33150**

| | | |
|---|---|---|
| PETROWORKS S.A., | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JAMES C. ROLLINGS, A/K/A | § | |
| JAKE ROLLINGS, D/B/A | § | |
| JAKE'S EQUIPMENT AND REPAIR and | § | |
| JAKE'S EQUIPMENT AND REPAIR, INC. | § | _269_ JUDICIAL DISTRICT |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL PETITION
### AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
### TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff PETROWORKS S.A. (**"Petroworks "** or **"Plaintiff"**), and files this its original petition and application for temporary restraining order, temporary injunction and permanent injunction against Defendant JAMES C. ROLLINGS, also known as JAKE ROLLINGS, doing business as JAKE'S EQUIPMENT AND REPAIR and JAKE'S EQUIPMENT AND REPAIR, INC. (**"Jake"** or **"Defendant"**), and for cause of action would respectfully show the court as follows:

#### A. Discovery Level

Discovery will be conducted under Discovery Level 2, Texas Rule of Civil Procedure 190.

#### B. Parties

Plaintiff PETROWORKS S.A. is a corporation organized under the laws of the country of Colombia, with its principal office in Colombia.

Defendant JAMES C. ROLLINGS, also known as JAKE ROLLINGS, is an individual doing business as JAKE'S EQUIPMENT AND REPAIR and JAKE'S EQUIPMENT AND REPAIR, INC., who is a resident of Harris County, Texas and may be served with process at his residence located at 23114 Brandygate Ct., Spring, Texas 77373, or at his places of business at 6060 Romona Blvd.,



Houston, Texas, 77086 or 15813 A Tomball Parkway, Houston, Texas 77086, or wherever he may be found.

### C.  Jurisdiction & Venue

The court has jurisdiction over Defendant because Defendant is a resident of the State of Texas. Further, the court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002 because Defendant is a resident of Harris County, Texas, the contracts were entered into in Harris County, Texas, and all or a significant part of the events giving rise to this cause of action occurred in Harris County, Texas.  For venue facts, Plaintiff also relies on all other allegations made in this petition.

### D. Facts and Causes of Action

#### Petroworks Delivers its Rigs to Jake to Refurbish, and Pays Jake

By the end of March 2006, Petroworks entered into negotiations with Texas International Oilfield Tools (**"Texas International"**) to purchase for Petroworks or for other companies that Petroworks was representing as business agent, several workover/drilling rigs that Texas International had for sale.  During those negotiations, Petroworks came into contact with Jake Rollings, who does business under the name Jake's Equipment and Repair, as well as Jake's Equipment and Repair, Inc. Mr. Rollings represented that Jake was experienced in the refurbishment of these types of rigs.  Before Petroworks purchased the rigs, Jake provided Petroworks quotes (in the form of an "Invoice") to refurbish the rigs. Jake represented that they would refurbish the rigs for $150,000.00 each if Petroworks was successful in purchasing the rigs.  A true and correct copy of each "Invoice" is attached as Exhibit 1.

2

By the first part of May 2006, Petroworks was successful in completing the purchase of three of Texas International's rigs for itself or other companies it was representing as business agent, and delivered the rigs to Jake's premises located at 15813 A Tomball Parkway, Houston, Texas 77086. By the last week in May 2006, Petroworks purchased for itself, a fourth rig at an auction conducted by Kruse Energy, Inc., this rig being one of several rigs that Texas International had for sale. Attached as Exhibit 2 are true and correct copies of photographs that taken of the fourth rig at that time. (This fourth rig is defined below as "**Rig 3**".) Jake also provided Petroworks with a quote (in the form of an "Invoice", Invoice # 2006137-1) to refurbish this fourth rig for $150,000.00. A true and correct copy of this invoice is also attached as Exhibit 1.

The payments that Petroworks (or others on its behalf) made to Jake for each of the invoices are reflected in the attached Statement dated June 12, 2006, which Petroworks received from Jake. A true and correct copy of the Statement is attached as Exhibit 3. As reflected on the invoices and statement, Jake agreed to refurbish the four rigs for a price of $150,000.00 each. By June 9, 2006, Jake had already been paid the total sum of $286,750.00 in advance for the refurbishment of the four rigs. The amount applied to each invoice is reflected on the Statement.

On or about June 1, 2006, representative(s) of Petroworks had a meeting with Jake. Petroworks had already begun to see that Jake was falling behind on the schedule to which Jake had originally agreed for completing the rigs. At that meeting, Jake agreed to refurbish each of the rigs in accordance with standard specifications, a true and correct copy of which is attached hereto as Exhibit 4 (hereinafter referred to as the "**Specifications**"), and agreed to new deadlines for completing the refurbishment of each rig as follows:   The Ideco H-35 was to be completely refurbished and ready for delivery to Petroworks during the week of June 19 – June 23, 2006. The first Ideco H-37 was to be completely refurbished and ready for delivery to Petroworks during the

3

week of July 3 – July 7, 2006. The second Ideco H-37 was to be completely refurbished and ready for delivery to Petroworks during the week of August 2 – August 7, 2006. As for the third Ideco H-37, which was the last rig delivered to Jake, Jake was to start working on that rig once Jake had completed the other three rigs, and to have the rig completely refurbished and ready for delivery to Petroworks by the end of September 2006.

Jake missed each of the above-stated deadlines. The Ideco H-35 was finally delivered to Petroworks by mid-September, although it had not been tested and was not completely refurbished. On September 22, 2006, Petroworks and Jake reached an understanding for amending the original agreement as to the remaining three rigs. Attached hereto as Exhibit 5 is a true and correct copy of a Memorandum of Understanding for amendment of Rig Refurbishing Contracts, between Petroworks S.A. and Jake Rollings and Jake's Equipment and Repair, Inc. signed on September 22, 2006 (hereinafter referred to as the "**Memorandum of Understanding**" or the "**Agreement**"). In the Memorandum of Understanding, these remaining three rigs are referred to as Rig Ideco H-37 #1 (hereinafter, "**Rig 1**"), Rig Ideco H-37 #2 (hereinafter, "**Rig 2**"), and Rig Ideco H-37 #3 (with a KM-105-270-GH 105' 270,000# 4 legged mast, Ideco Rambler BIR-5525, 5 axle Carrier, Rotary Drive 445/65R22.5 tires) (hereinafter, "**Rig 3**"). As stated in the Memorandum of Understanding, the new deadline for Rig 1 was October 31, 2006, and the new deadline for Rig 2 was December 11, 2006. On or about September 30, 2006, Jake and Mr. Gabriel Rosales discussed and agreed that Jake would complete the refurbishment of Rig 3 once he had completed the refurbishment of Rig 2, and that Jake would submit to Petroworks a proposal for an adjusted budget for the refurbishment of Rig 3 before starting the job.

## Jake Breaches the Agreement

On or about November 11, 2006, representative(s) of Petroworks went to Jake's premises to

4

take delivery of Rig 1, but found that the refurbishment work on it was at less than 50% complete. Since Jake was again in default of our agreement, Petroworks' representative(s) told Jake that Petroworks wanted to take back the rig so that Petroworks could finish the refurbishment of the rig itself or by other means. Jake agreed and acknowledged its default, and allowed Petroworks to remove Rig 1 from Jake's premises.

On or about November 28, 2006, representative(s) of Petroworks visited Jake's premises and it was clear that Jake would fail to complete the refurbishment of Rig 2 by the December 11th deadline. So Jake gave Petroworks back Rig 2, with almost no work having been performed on it, all its components disassembled, and in bad shape without the cores of transmission and engine that belonged to this rig (which probably were pirated), and not a single slightly significant new part added to it. In addition to all this, Jake kept Rig 3, did not start any work on it, and did not submit any budget adjustment proposal to start the job.

As a result of Jake's breach, on or about December 20, 2006, Petroworks instructed its agent, Mr. Amando L. Ramirez, to tell Jake that Petroworks demanded immediate possession of Rig 3. On information and belief, Mr. Ramirez communicated Petroworks' demand to Jake since that date, and tried to remove Rig 3 from Jake's place on or about January 15, 2007, but Jake refused to deliver possession of Rig 3. Jake continues to fail and refuse to deliver possession of Rig 3 to Petroworks or its agent, Mr. Ramirez.

Attached hereto as Exhibit 6 are true and correct copies of photographs taken by Amando L. Ramirez on April 10, 2007. These photographs show that Jake has disassembled the rig and removed valuable components and parts from Rig 3, including, but not limited to, the motor core. These components and parts are critical to the refurbishment and operation of Rig 3. Jake is wrongfully withholding from Petroworks possession of Rig 3 and its components and parts.

5

**Petroworks Damages and the Immediate Danger to Rig 3 and its Components and Parts**

By way of background, Petroworks purchased Rig 3 at an auction on May 17, 2006, for the total sum of $130,000. Attached as <u>Exhibit 7</u> is a true and correct copy of the bill of sale and the invoice that Petroworks received when it purchased Rig 3. On information and belief, $180,000 was the reasonable market value of Rig 3 at the time that it was delivered to Jake in May 2006. On information and belief, the reasonable market value of Rig 3 as of the date of this Affidavit, is approximately $100,000. This decline in market value is because Rig 3 has been disassembled and is exposed to weather and other elements while in the possession of Jake; and, on information and belief, components and parts are being pirated from the Rig by Jake and/or others.

Petroworks is not indebted to Jake. There has been no labor done nor materials furnished to Rig 3 by Jake. In fact, Jake owes Petroworks the return of the $75,000.00 that Petroworks paid Jake in advance for work on Rig 3 that Jake has never performed on Rig 3. Therefore, Jake is not entitled to any lien against Rig 3. Jake also owes Petroworks substantial damages for Jake's breach of its agreement relating to the four rigs.

In March 2007, Jake informed Amando Ramirez that Jake was going to put a lien on the rig. However, as the photographs taken by Mr. Ramirez on April 10, 2007 plainly show, Jake has not performed any refurbishment to Rig 3, and is not entitled to any lien on Rig 3. Petroworks believes that Jake is intending to claim a purported lien against Rig 3 as part of an unlawful scheme to deprive Petroworks possession of the rig. Petroworks also believes that Jake may be intending to unlawfully hold himself out as the owner of Rig 3 and attempt to sell Rig 3 to third parties, even though Petroworks owns Rig 3 and Jake has no interest in Rig 3 or right to its possession.

There is also an immediate danger that Rig 3 and its components and parts will continue to waste, both physically and economically, during the pendency of a suit against Jake if Rig 3 and its

6

components and parts remain in the possession of Jake. Rig 3 and its components and parts are still exposed to the weather and other elements, and are subject to being damaged, lost, stolen or destroyed.

Petroworks has an immediate use for Rig 3, and is capable of having it promptly refurbished by someone other than Jake. If Rig 3 was not in Jake's possession, then Petroworks could have Rig 3 refurbished, and could rent Rig 3 for approximately $3,000.00 per day, net of all expenses. The usual and customary gross rental rate for rigs similar to Rig 3 is approximately $10,000.00 per day, with a net rental income of approximately $3,000.00 per day. Therefore, there is very significant and immediate danger of current and future economic waste during the pendency of a suit against Jake as a result of Jake's failure to perform and refusal to deliver possession of Rig 3 to Petroworks. This economic waste is ongoing and continuing at the rate of approximately $3,000.00 per day.

There is an immediate danger that all or part of Rig 3 and its components and parts will be disposed of or destroyed, or removed from Harris County, Texas (or the State of Texas) during the pendency of a suit against Jake if Rig 3 and its components and parts remain in Jake's possession. Moreover, there is an immediate danger that Rig 3 and its components and parts will continue to waste, both physically and economically, during the pendency of a suit against Jake remains in the possession of same. As of April 10, 2007, Rig 3 and its components and parts were still exposed to the weather and other elements, and are subject to being damaged, lost, stolen or destroyed.

Rig 3 and its components and parts are currently located in Harris County, Texas at 15813 A Tomball Parkway, Houston, Texas 77086. Petroworks is the current owner of Rig 3 and its components and parts.

The four rigs described above are hereinafter referred to as the **"Four Rigs."**

### E. Causes of Action

The causes of action requested herein are pleaded in the alternative where necessary.

### Breach of Contract,
### Possession of Rig 3 and all of its Component and Parts

As a result of the foregoing, Jake has materially breached its Agreement with Petroworks. Petroworks has fully performed its obligations under the Agreements.  As a result of Jake' breaches of the Agreements as described above, Petroworks has suffered significant damages including, but not limited to, the cost to refurbish the Four Rigs to the condition required by the above-described agreements with Jake, including, but not limited to, the cost of missing components; the loss of the benefit of the bargain; the loss of profits resulting from Jake's failure to refurbish and deliver the Four Rigs to Petroworks by the agreed deadlines.  Petroworks seeks herein the recovery of an amount in excess of $1,000,000.00.

### Temporary Restraining Order and Injunction

Petroworks seeks, without limitation, a temporary restraining order, a temporary injunction and a permanent injunction, restraining and/or enjoining Jake from 1) holding or purporting to hold a foreclosure of Rig 3, or any part thereof, or 2) attempting or purporting to sell, convey, transfer, assign or deliver any or all of Rig 3, or 3) attempting or purporting to create or cause to be created any liens against Rig 3, or 4) removing Rig 3 from Jake's premises, or 5) removing any parts, equipment or components from Rig 3, or 6) removing from Jake's premises any parts, equipment or components that have been previously removed from Rig 3, or 7) interfering with, preventing or obstructing Petroworks or its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc., from entering the premises where Rig 3 and its components and parts are located and removing Rig 3 and its components and parts from the premises; and ordering Jake to preserve and protect Rig 3 and all of its components and parts

8

from, without limitation, the weather and other elements, theft, and/or other damage or loss during the pendency of this action and until Rig 3 and all of its components and parts are delivered to Petroworks or its agents, servants, representatives, employees or third party contractors, or until further order of the Court, and ordering Jake to allow Petroworks and its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc. access upon Defendant's premises at 15813 A Tomball Parkway, Houston, Texas 77086 during normal business hours, in order for them to remove Rig 3 and its components and parts from said premises, upon not less than two hours prior notice.

Petroworks alleges that the following described acts or omissions support such a restraining order and injunction(s), without limitation, to-wit: 1) Jake's wrongful and intentional removal and disposition of components and parts of Rig 3, which are the property of Petroworks, 2) Jake' failure and refusal to protect and preserve Rig 3 and its components and parts, 3) Jake's wrongful claim of a "lien" upon Rig 3, 4) the threat and distinct possibility that Jake will purport to "foreclose" the wrongful and void lien claims, and/or transfer Rig 3 and/or its components and parts to a third party, 5) Jake's wrongful failure and refusal to return Rig 3 and its components and parts to Petroworks, 6) leaving Rig 3 and its components and parts exposed to the weather and other harmful elements. Additionally, Jake appears to be in financial difficulty and is being sued by other parties, which places Rig 3 and its components and parts in jeopardy while in Jake's possession. More specifically, public records indicate that 1) the Internal Revenue Service filed a lien against Jake under Harris County Clerk's File No. Z518355 on August 10, 2006, which was shortly after Petroworks delivered the Four Rigs to Jake and paid $286,750.00 to Jake; 2) a release of the IRS lien was filed under Harris County Clerk's File No. 20060069681 on September 25, 2006, indicating that Jake used Petroworks money to pay the IRS; 3) Jake filed Chapter 13 bankruptcy on January 31, 2004, which

9

was converted to Chapter 7 on June 14, 2004 and is still open; 4) the State of Texas and the Texas Workforce Commission filed a lien against Jake under Harris County Clerk's File No. 20070142352 on March 8, 2007; and 5) Jake is a defendant in a lawsuit filed by Varosa Energy, Ltd. in Cause No. 2006-62660, in the 133rd Judicial District Court of Harris County, Texas, and is a cross-defendant in a declaratory judgment action filed by intervenors 1801 Corporation and Aspen Development Company, L.L.C., wherein the intervenors claim that they own the rig in question in that case, and also claim that Jake did not own the rig in that case when Jake contracted with Varosa to sell it to Varosa. In order to preserve the status quo and Petroworks' property and rights during the pendency of this action, Jake should be cited to appear and show cause why they should not be temporarily restrained and enjoined during the pendency of this action.

Jake's acts and/or omissions threaten Rig 3, its components and parts, and Petroworks' rights. Without limitation, Jake has threatened irreparable harm to Rig 3, its components and parts, and Petroworks' rights, by threatening to claim a "lien" against said property for purposes of purporting to foreclose unless Jake's wrongful charges are paid, and by refusing Petroworks full access and possession to Rig 3 and its components and parts, by removing components and parts from Rig. Furthermore, exposure to the weather and other elements could cause irreparable harm. Moreover, the pleadings in Cause No. 2006-62660, supra, indicates that Jake has a pattern and practice of purporting to sell and encumber property that he does not own. All of the foregoing acts and/or omissions by Jake are completely without right or entitlement. Petroworks has and will continue to be damaged and injured by Jake's conduct, and Petroworks has no adequate remedy at law for the injuries just described. These injuries and losses are continuing. Rig 3 and its components and parts, and Petroworks rights described herein are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by Jake's conduct.

10

It is essential that the court immediately and temporarily restrain Jake, his agents, servants, representatives and employees, from continuing with the conduct described in this petition. It is essential that the Court act immediately because of the circumstances described above.

In support of this request for temporary restraining order and injunctive relief, and as verification of the facts stated herein, Petroworks incorporates by reference as if set out fully herein, the affidavits of Gabriel Rosales, Amando L. Ramirez and Thomas R. Bray filed in this cause.

### Fraud and Punitive Damages

At the time that the above-mentioned quotes, proposals and agreements were made, Jake knowingly and fraudulently misrepresented to Petroworks that he intended, and had the experience and capability, to perform the services and work to refurbish the Four Rigs in accordance with the Specifications and the Agreement. Such misrepresentations were (1) material, (2) known to be false when made or they were made without any knowledge of their truth and as a positive assertion; (3) made with the intent that it should be acted upon by Petroworks; (4) acted upon by Petroworks in reliance upon them; and (5) caused Petroworks to enter into the above-described agreements and suffer injury. As a result of Jake's misrepresentations, Petroworks is entitled recover from Jake the actual and special damages incurred by Petroworks, and in the alternative, rescission of the Agreement.

Jake's acts as alleged above were fraudulent, grossly negligent, intentional and aggravated by that kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Jake acted with an evil intent to harm Petroworks. Jake's acts were intentional, willful, wanton, and without justification or excuse, and were done with gross indifference to the rights of the Petroworks. In this connection, Petroworks will show that as a result of Jake's conduct, Petroworks has suffered losses of time and other expenses, including attorney's fees incurred in the

investigation and prosecution of this action. Accordingly, Petroworks suggests that exemplary damages be awarded against the Jake.

WHEREFORE, Petroworks respectfully requests that this Court award Petroworks actual, special, and exemplary damages, which are within the jurisdictional limits of this court.

### Attorneys' Fees

Petroworks also seeks recovery of its costs, expenses and attorneys' fees pursuant to Tex. Civ. P. Rem. C. 38.001.

### F. Conditions Precedent

All conditions precedent have been performed or have occurred as required by Tex.R.Civ.P. 54.

### G. Jury Demand

Plaintiff hereby demands a trial by jury. Said jury fee has been paid.

### H. Prayer

WHEREFORE, Plaintiff PETROWORKS S.A. prays that Defendant JAMES C. ROLLINGS, a/k/a JAKE ROLLINGS, d/b/a JAKE'S EQUIPMENT AND REPAIR and JAKE'S EQUIPMENT AND REPAIR, INC., be cited to appear and answer herein, and that upon final trial of this cause, judgment be entered in favor of Plaintiff against Defendant for (in the alternative, where necessary):

1. Actual damages, within the jurisdictional limits of this Court;

2. Possession of Rig 3 and its components and parts;

3. A temporary restraining order issued to Jake, restraining and enjoining Jake, his agents, servants, representatives and employees to preserve and protect Plaintiff's Rig 3 and its components and parts from 1) holding or purporting to hold a foreclosure of Rig 3, or any part thereof, or 2) attempting or purporting to sell, convey, transfer, assign or deliver any or all of Rig 3, or 3) attempting or purporting to create or cause to be created any liens against Rig 3, or 4) removing Rig 3 from Jake's premises, or 5) removing any parts, equipment or components from Rig 3, or 6) removing from Jake's premises any parts, equipment or components that have been previously

removed from Rig 3, or 7) interfering with, preventing or obstructing Petroworks or its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc., from entering the premises where Rig 3 and its components and parts are located and removing Rig 3 and its components and parts from the premises; and ordering Jake to preserve and protect Rig 3 and all of its components and parts from, without limitation, the weather and other elements, theft, and/or other damage or loss during the pendency of this action and until Rig 3 and all of its components and parts are delivered to Petroworks or its agents, servants, representatives, employees or third party contractors, or until further order of the Court; and ordering Jake to allow Petroworks and its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc. access upon Defendant's premises at 15813 A Tomball Parkway, Houston, Texas 77086 during normal business hours, in order for them to remove Rig 3 and its components and parts from said premises, upon not less than two hours prior notice.

4. A temporary injunction be issued, after notice to Jake and an evidentiary hearing, restraining and enjoining Jake, his agents, servants, representatives and employees, from 1) holding or purporting to hold a foreclosure of Rig 3, or any part thereof, or 2) attempting or purporting to sell, convey, transfer, assign or deliver any or all of Rig 3, or 3) attempting or purporting to create or cause to be created any liens against Rig 3, or 4) removing Rig 3 from Jake's premises, or 5) removing any parts, equipment or components from Rig 3, or 6) removing from Jake's premises any parts, equipment or components that have been previously removed from Rig 3, or 7) interfering with, preventing or obstructing Petroworks or its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc., from entering the premises where Rig 3 and its components and parts are located and removing Rig 3 and its components and parts from the premises; and ordering Jake to preserve and protect Rig 3 and all of its components and parts from, without limitation, the weather and other elements, theft, and/or other damage or loss during the pendency of this action and until Rig 3 and all of its components and parts are delivered to Petroworks or its agents, servants, representatives, employees or third party contractors, or until further order of the Court; and ordering Jake to allow Petroworks and its agents, servants, representatives, employees or third party contractors, including, but not limited to, Innovative Energy Services, Inc. access upon Defendant's premises at 15813 A Tomball Parkway, Houston, Texas 77086 during normal business hours, in order for them to remove Rig 3 and its components and parts from said premises, upon not less than two hours prior notice.

5. A permanent injunction against Jake as may be necessary to prevent Jake from damaging or injuring Petroworks' Rig 3 and its components and parts or any rights Petroworks may have in or to same;

6. Exemplary damages;

7. Reasonable attorneys' fees;

13

8.      Costs;

9.      Pre and post-judgment interest;

10.     Writs and processes, including, but not limited to, writ(s) of possession; and

11.     Such other and further relief to which Plaintiff may be justly entitled.

                  Respectfully submitted,

                  Thomas R. Bray
                  Texas Bar No. 02926800
                  1431 Wirt Road, Suite 140
                  Houston, Texas 77055
                  Telephone (713) 827-1760
                  Telecopier (713) 827-7510
                  Attorney for Plaintiff

14

<u>VERIFICATION</u>

STATE OF TEXAS          §

COUNTY OF HARRIS          §


Before me, the undersigned Notary Public, on this day personally appeared Gabriel Rosales,

Vice President of Petroworks S.A., who, after being duly sworn, stated under oath that he is the duly

authorized agent for the plaintiff in this action; that he has read the above petition; and that every

factual statement contained in the petition is within his personal knowledge and is true and correct.

_____
Gabriel Rosales

SUBSCRIBED AND SWORN TO BEFORE ME on the _29_ day of May, 2007, to certify
which witness my hand and official seal.

ERNEST ANTHONY JIMENEZ
Notary Public, State of Texas
My Commission Expires
April 09, 2011

Notary Public in and for the State of Texas

15